IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROSEMARY MEDINA,

    Plaintiff,

v.                                                                                                                 No. 1:19-cv-00923-LF-KRS

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.

## INITIAL SCHEDULING ORDER

This case is before the Court for scheduling, case management, discovery, and other non-dispositive matters. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court, will apply to this lawsuit.

The parties, appearing through counsel or pro se, shall "meet and confer" no later than **November 5, 2019** to formulate a provisional discovery plan. *See* Fed. R. Civ. P. 26(f). **As part of this process, the parties are reminded that Federal Rule of Civil Procedure 26(f) requires them to exchange views on the "disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced." The parties have an attendant duty to preserve all electronically stored information that may be discoverable in this case.**

The time allowed for discovery is generally 120 to 180 days. The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR") that follows the sample

available on the Court's website.[1] The blanks for suggested/proposed dates in the JSR are to be filled in by the parties. Actual dates will be promulgated by order of the Court to be entered after the Rule 16 scheduling conference scheduled pursuant to this order. Plaintiff, or Defendant in cases which have been removed from State District Court, is responsible for filing the JSR by **November 12, 2019.**

**Initial disclosures by a party pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be made within fourteen days after the meet-and-confer session.**

A telephonic Rule 16 scheduling conference will be conducted on **November 19, 2019 at 9:00 a.m.**[2] Counsel and parties pro se shall call **(888) 398-2342** and enter access code **8193818** to be connected to the telephonic Rule 16 scheduling conference. At the Rule 16 scheduling conference, counsel and parties pro se should be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence, whether a *Daubert*[3] hearing is necessary, initial disclosures, and the time of expert disclosures and reports under Federal Rule of Civil Procedure 26(a)(2). The Court, counsel and parties pro se will also discuss settlement prospects and alternative dispute resolution possibilities. In addition, the scheduling conference participants will address consideration of consent by the parties to a United States Magistrate Judge presiding over dispositive proceedings, including motions and trial, pursuant to 28 U.S.C. § 636(c). Parties represented by counsel may, but are not required to, attend the telephonic scheduling conference.

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007. The standardized *Joint Status Report and Provisional Discovery Plan* is available at www.nmd.uscourts.gov/forms from the drop-down menu.
[2] If counsel or parties wish to appear in person at the scheduling conference, please advise the undersigned's chambers at least 48 hours prior to the scheduling conference. If counsel or parties are going to appear in person at the scheduling conference, you will appear at the United States District Courthouse, Picacho Courtroom, Room 480, 4th floor, 100 N. Church Street, Las Cruces New Mexico, unless otherwise noted on the court docket.
[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

If service on all parties is not complete, Plaintiff(s) appearing through counsel or pro se is/are responsible for notifying all parties of the content of this order.

Good cause must be shown and the express written approval obtained from the Court for any modifications of the dates in the scheduling order that issues from the JSR.

Pretrial practice in this case shall be in accordance with the above.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE